# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**KEVIN L. HAMILTON, JR.**  **PLAINTIFF**
**#02395-21**

v.  No: 4:22-cv-00292 LPR-PSH

**ERIC HIGGINS,** *et al.*  **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Kevin L. Hamilton, Jr. filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on March 31, 2022, while incarcerated at the Pulaski County Detention Facility ("PCDF") (Doc. No. 2). Hamilton states that he is incarcerated due to a probation violation and new charges. *Id.* at 3. The Court granted Hamilton's application to proceed *in forma pauperis* and directed him to amend his complaint

to describe how his constitutional rights were violated, how each named defendant was personally involved in the violation of his constitutional rights, and how he was injured as a result (Doc. No. 3). Hamilton was informed that only claims properly set out in his amended complaint would be allowed to proceed. *Id.* Hamilton has since filed an amended complaint (Doc. No. 5). For the reasons stated herein, Hamilton's claims should be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.

2004). A complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. In his amended complaint, Hamilton claims that PCDF officers took his property, including hygiene supplies, linen/clothing, legal materials, and religious materials, for 9-10 days after a fight occurred in his unit. Doc. No. 5 at 4-10. Hamilton lists a number of defendants in his amended complaint, but only identifies Sergeants Mussadiq, Lattimore, and C. Scott as the PCDF officers who took his property. *Id.* at 1-2, 6 & 11. Hamilton fails to state a claim upon which relief may be granted, for the reasons described below.

1. *No Personal Involvement*

Hamilton does not state a claim against defendants Sheriff Eric Higgins, Major Rose, Captain Calvin, and Day Shift Lieutenant Allen because he does not describe their involvement in the violations he alleges. A defendant may not be held liable under § 1983 unless he was personally involved in or had direct responsibility

for the constitutional violation. *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.") (internal quotations and citations omitted). Accordingly, the Court recommends that Hamilton's claims against Higgins, Rose, Calvin, and Allen be dismissed without prejudice.

    2.    *Conditions of Confinement & Hygiene Supplies*

Hamilton fails to state an actionable claim against Sergeants Mussadiq, Lattimore, and Scott based on his allegation that they took his hygiene, linen, and clothing for a period of 9-10 days. To prevail on a condition-of-confinement claim, inmates and pretrial detainees must show: (1) the condition was serious enough to deprive them of the minimal civilized measure of life's necessities, or to constitute a substantial risk of serious harm, and (2) officials were deliberately indifferent to the inmates' or detainees' health and safety. *Smith v. Copeland,* 87 F.3d 265, 268 (8th Cir.1996); *Frye v. Pettis County Sheriff Dept.,* 41 Fed. Appx. 906 (8th Cir. 2002) (unpub. per curiam). Hamilton alleges that his hygiene supplies, linens, and clothing were taken for 9-10 days; due to the limited duration of this deprivation and the fact that Hamilton describes no injury he suffered as a result of this deprivation, he fails to describe an actionable claim. *See Smith v. Copeland,* 87 F.3d at 269 (conditions such as a filthy cell that may be tolerable for a few days are intolerably cruel for weeks or months; length of time prisoner is subject to conditions is a critical factor).

*See also O'Leary v. Iowa State Men's Reformatory,* 79 F.3d 82, 83–84 (8th Cir.1996) (several days without underwear, blankets, mattress, exercise and visits is not in violation of Eighth Amendment); *Williams v. Delo,* 49 F.3d 442, 444–445 (8th Cir.1995) (prisoner placed in segregation cell without clothes, running water, tooth brush, tooth paste, deodorant, soap, sheets, blankets, and mattresses, for a period of four days was not deprived of the minimal civilized measure of life necessities).

    3.    *Legal Materials*

With respect to Hamilton's allegation that Sergeants Mussadiq, Lattimore, and Scott took his legal materials, he describes no facts to support a First Amendment access-to-courts claim. To state an access-to-courts claim, a prisoner must show that he was "'not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, . . .'" *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (quoting *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007)). The prisoner must also show that an actual injury resulted, "that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Id.* Despite the opportunity to amend his complaint to state how he was injured, Hamilton does not describe how any pending legal matter was affected by the lack of his legal materials for a period of 9-10 days. These allegations are insufficient to show Hamilton was denied an opportunity to litigate a

nonfrivolous and arguably meritorious claim, and accordingly, he fails to state a claim for relief.

4. *Religious Materials*

Hamilton generally alleges that he was unable to practice his religion because Sergeants Mussadiq, Lattimore, and Scott took his religious materials for 9-10 days. To establish a First Amendment violation, a plaintiff must first demonstrate that a substantial burden was placed on his ability to practice his religion. *See Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008). If the state has impinged on a plaintiff's free exercise rights under the First Amendment, the state must then show that the impingement was "reasonably related to legitimate penological interests." *Gladson v. Iowa Dep't of Corrections*, 551 F.3d 825, 831-32 (8th Cir. 2009) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Hamilton provides no description of his religion, what materials were taken, or why he was unable to practice his religion during this period. The facts alleged are conclusory and do not describe a substantial burden on Hamilton's ability to practice his religion. Accordingly, Hamilton's First Amendment free exercise claim should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

5. *Verbal Threats*

Hamilton generally alleges that Sergeants Lattimore and Scott silenced him "via threats," but does not specifically describe those threats. Doc. No. 5 at 6.

Verbal threats and insults generally do not rise to the level of a constitutional violation. *See Hopson v. Fredericksen,* 961 F.2d 1374, 1378 (8th Cir. 1992) (finding officer's use of racial slur and threat to knock prisoner's teeth out was not actionable).[1] The only exception to this rule is when a verbal threat rises to the level of a "wanton act of cruelty" such that the inmate is in fear of "instant and unexpected death at the whim of his allegedly bigoted custodians."[2] *Burton v. Livingston,* 791 F.2d 97, 99–100 (8th Cir.1986). Because Hamilton does not specifically describe the verbal abuse or threats by defendants, he does not state an actionable 1983 claim. *See also Bell Atlantic Corporation v. Twombly, supra* (conclusory allegations are not sufficient to state a claim for relief).

    6.    *Other Property*

Finally, Hamilton's allegation that his property was taken even though he had not been found guilty of a rule violation fails to state an actionable claim for relief. Hamilton cannot state a viable constitutional claim based on the loss of his personal property because Arkansas provides an adequate post-deprivation remedy when

---

[1] *See also McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1993) (inmate's allegations of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas,* 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail officials insufficient to state a constitutional violation).

[2] In *Burton*, the plaintiff alleged that defendant pointed a revolver at plaintiff, cocked it, and threatened to shoot him while using racial epithets just after the plaintiff had testified about another guard's actions in a hearing on his § 1983 suit. 791 F.2d at 100.

property is wrongfully taken. *See Hudson v. Palmer,* 468 U.S. 517, 533 (1984) (unauthorized deprivation of property does not constitute violation of procedural due process if meaningful post-deprivation remedy is available); *Willis Smith & Co., Inc. v. Arkansas,* 548 F.3d 638, 640 (8th Cir. 2008) (Arkansas provides adequate post-deprivation remedy for property claims through the Arkansas State Claims Commission).

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Hamilton's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 26th day of September, 2022.

_____
UNITED STATES MAGISTRATE JUDGE